

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DENNY LEE CAIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0125 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DENNY LEE CAIN. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY

On December 10, 1985, in the 181st Judicial District Court of Potter County, Texas, petitioner pled guilty to one count of aggravated sexual assault and was sentenced to fifteen year's imprisonment. *State v. Cain*, No. 23,877-B. Petitioner did not appeal his conviction.

On December 28, 1990, petitioner was first released to mandatory supervision. His release was revoked on May 31, 1996. On November 2, 1999, petitioner was again released to mandatory supervision. On December 13, 2004, this release was revoked. Petitioner was released on

HAB54\R&R\CAIN-125.SOL:3

mandatory supervision a third time on November 17, 2006 and was revoked on June 1, 2007.

On April 11, 2008, petitioner filed a state habeas corpus petition, which was denied without written order on June 18, 2008. On June 27, 2008, petitioner filed this habeas petition.[1]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Texas law has created a violation of separation of powers by enabling an executive agency to alter a sentence proclaimed by a state court, resulting in petitioner serving his sentence ten years after it should have expired;

2. Petitioner was not given notice that he would forfeit good time credits earned should his release to mandatory supervision be revoked, which resulted in his being held over beyond the original maximum expiration date of his sentence, in violation of the Due Process Clause;

3. The State breached its contract with petitioner and deprived him of a liberty interest in the finality of his sentence by keeping him incarcerated beyond the original maximum term of his sentence;

4. Petitioner has been placed in double jeopardy by the revocation of his release to mandatory supervision and resultant forfeiture of time credits earned;

5. The State has denied petitioner credit for time served on mandatory supervision;

6. The State has applied new law, which eliminated the restoration of lost or forfeited good time credits earned, in violation of the Ex Post Facto Clause; and,

7. The State has applied various laws to petitioner, which were enacted after petitioner was convicted, in violation of the Ex Post Facto Clause.

---

[1]On August 14, 2007, petitioner filed a petition for federal habeas corpus relief, seeking release based upon inaccurate time calculations, which petitioner alleged the Texas Department of Criminal Justice was using to keep petitioner incarcerated beyond his legal sentence and which resulted in his being subjected to new sex offender registration guidelines. Petitioner did not challenge his June 1, 2007 revocation by way of his August 14, 2007 petition. On February 12, 2008, the undersigned entered a Report and Recommendation to grant respondent's motion to dismiss petitioner's habeas petition as time barred. On February 27, 2008, the United States District Judge entered an Order adopting the Report and Recommendation and a corresponding judgment dismissing petitioner's federal petition. Although his current petition arguably could be considered successive, because petitioner is time barred on all of his claims, the Court will not address the issue of successive petitions.

2

# III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a

habeas petition in federal court.  That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court.  The limitation
> period shall run from the latest of --

> (A)     the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;

> (B)     the date on which the impediment to filing an application created by State action in
> violation of the Constitution or laws of the United States is removed, if the applicant
> was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or

> (D)     the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other
> collateral review with respect to the pertinent judgment or claim is pending shall not
> be counted toward any period of limitation under this subsection.

Because petitioner is alleging constitutional violations that occurred subsequent to his

conviction, the appropriate start date for calculating the statute of limitations would be the date on

which petitioner ***discovered or could have discovered*** the factual predicate for his claims through

the exercise of due diligence.[2]  *See* 28 U.S.C. § 2244(d)(1)(D).  Petitioner discovered or could have

discovered the federal predicate for his first three claims on the date on which his sentence was

originally scheduled to be discharged, *i.e.*, May 7, 2000.  When that date was reached, and

---

[2]In his "Memorandum of Law in Support of the Petitioner's 28 U.S.C. § 2254 Petition," petitioner emphasizes that he
is only asserting claims relating to harm suffered from his  June 1, 2007, revocation, apparently in an attempt to avoid being
time-barred.  However, petitioner's revocation *is not* the relevant date for purposes of calculating the statute of limitations.
Rather, it is the date petitioner *could have discovered* each of his claims.

petitioner was not released, he was clearly aware his term of imprisonment was lasting beyond the date originally designated as his maximum release date. Thus, any federal petition was due within one year of May 7, 2000, *i.e.*, May 7, 2001. Because petitioner did not file this petition until June 27, 2008, he is time barred on his first three claims by more than seven years.

Petitioner is also time barred as to claims four and five. When petitioner was released to mandatory supervision on November 17, 2006, he was aware or should have been aware of the laws, rules, and regulations, including rules regarding the forfeiture of various time credits, that would govern his supervised release. Thus, any federal habeas petition arising out of the application of those laws, rules, and regulations was due on or before November 17, 2007. Petitioner did not file his state habeas corpus petition until April 11, 2008, almost five months after the federal statute of limitations had run. Therefore, petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2). Consequently, petitioner is time barred as to claims four and five by over seven months.

Petitioner is also time barred as to claim six. According to petitioner's application, the state law he complains of, which changed the law regarding the restoration of lost or forfeited time credits that was in place when petitioner was convicted in 1985, was enacted in 1995. Thus, petitioner could have discovered the change in the law in 1995. Because the law he complains of went into effect prior to the April 24, 1996, effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), petitioner had until April 24, 1997, to file his federal petition, making the instant petition time barred by over eleven years. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). Even if petitioner asserted he was not aware of the change in law in 1995, petitioner should have discovered the change in law when his release to mandatory supervision was revoked on May 31, 1996 and his good time credits were not restored. Thus, his petition would have been due on or before May 31, 1997, which still makes the instant claim time barred by over eleven years.

Finally, petitioner is time barred as to claim seven. At the very latest, petitioner should have been aware of all changes in the law occurring from the time he was first incarcerated to the time of

his last release to mandatory supervision when he was released on November 17, 2006.[3] Thus, as stated above, any federal petition as to claim seven was due on or before November 17, 2007, and petitioner is time barred as to this claim.

Based upon the foregoing, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner DENNY LEE CAIN be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of February 2009.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * __NOTICE OF RIGHT TO OBJECT__ *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by

---

[3]Petitioner should have been aware of the various changes in law long before November 17, 2006. However, for the sake of argument, and to show that petitioner is time barred under even a generous construction of the statute of limitations, the Court will use this last release date as the date of discovery.

electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).